# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA, | CASE NO. 1:10-cv-00483-OWW-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| A. HERRERA, et al., | (ECF. No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

I. **Screening Requirement**

Plaintiff Alvaro Quezada ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the Court is the complaint, filed March 17, 2010.  (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

2  (2007)).

3        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4  in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

5  the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct.

6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]

7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8  between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting

9  Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129

11  S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

13  **II.**  **Complaint Allegations**

14        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

15  is housed at California State Prison, Corcoran.  The incidents alleged in the complaint occurred while

16  he was housed at Kern Valley State Prison.  He brings this action against Defendants A. Herrera, M.

17  C. Davis, P. Daniels, and D. Tarnoff alleging retaliation in violation of the First Amendment and is

18  seeking compensatory and punitive damages, costs, and declaratory relief.  (Compl. 3-4, ECF No.

19  1.)

20        On February 21, 2008, Plaintiff reported to his work assignment and was told by Defendant

21  Herrera to put on a hairnet and start work.  Plaintiff responded that Defendant Herrera needed to

22  make sure that all "free staff" that were around food have a hairnet.  Defendant Herrera sent Plaintiff

23  back to his cell.  (Id., pp. 52-54.)  On February 25, 2008, Plaintiff filed an inmate appeal against

24  Defendant Herrera.  (Id., ¶¶ 1-2; pp. 48-54.)  Plaintiff alleges that in response on February 27, 2008,

25  Defendant Herrera filed a false rule violation report accusing him of refusing to put on a hairnet.

26  (Id., ¶ 3.)  On March 24, 2008, Plaintiff filed a staff complaint, 08-00794, against Defendant Herrera

27  for filing the false rule violation.  (Id., ¶ 4.)  Defendant M. C. Davis allegedly conspired with

28  Defendant Herrera and signed off on the false rule violation report.  (Id., ¶ 14.)

Defendant D. Tarnoff "intentionally manipulated" the appeals process to place the complaint "in limbo." (Id., ¶ 5.) Plaintiff's complaint was screened out eight times by both KVSP and directors level review administrators. (Id., ¶ 6.) On March 10 and 25, 2008, the appeals were screened out because Plaintiff had post dated the appeal and he was informed to correct the date. (Id., pp. 29, 30.) On April 9, 2008, Plaintiff's appeal was determined not to be a staff complaint and was to proceed as routine appeal processing. (Id., p. 156.) On April 3 and 17, 2008, the appeal was screened out as incomplete because it was missing supporting documentation. (Id., pp. 46, 47.) On April 28, 2008, a response was issued denying the appeal at the first level.[1] (Id., p. 28.) On May 7, 2008, the appeal was screened out because it was incomplete, missing documentation, and Plaintiff was informed that he needed to clarify what due process violations transpired during the disciplinary process. (Id., p. 45.) On May 29, June 16, and July 29, 2008, the appealed was screened out as it was determined to not be a staff complaint and Plaintiff was informed that he needed to provide clarification on what due process violations occurred during the disciplinary process. (Id., ¶ 37.) On September 30, 2008, the complaint was screened out because it was a duplicate appeal upon which a decision was already rendered or was pending. (Id., p. 36.)

On May 13, 2008, Plaintiff was paged to the law library and Defendant M. C. Davis filed a retaliatory rules violation report for refusing to report to his work assignment. (Id., ¶ 15.) On May 20, 2008, Plaintiff filed for second level review of his inmate appeal stating that Defendant Davis had participated in a conspiracy in fabricating a rule violation report, seeking $200,000. (Id., ¶ 20.) On June 2, 2008, Plaintiff filed another staff complaint against Defendant Davis for retaliation. Plaintiff's compliant was screened out four times by Defendant Tarnoff. (Id., ¶ 21.) On June 19, 2008, the complaint was screened out because it was lacking supporting documentation and was incomplete. (Id., p. 76.) On July 24, September 5, and 29, 2008, the appeal was screened out because monetary compensation was outside the scope of the appeal. (Id., pp. 71, 73, 75.)

On June 10, 2008, the rule violation was dismissed in the interest of justice because the evidence did not support the charge. (Id., ¶ 23.) Plaintiff was reprimanded on the same rule

---

[1] It appears that Plaintiff submitted more than one copy of the appeal and was receiving responses on the multiple submissions.

1   violation that was dismissed and Officer Hamlin verbal threatened Plaintiff during the rule violation

2   hearing.  (Id., ¶¶ 24, 26.)

3        Defendant P. Daniels, office assistant, falsified two disciplinary chronos against Plaintiff, at

4   the request of Defendant Davis in an attempt to have him placed on "C-Status."  (Id., ¶ 32.)  On June

5   18, 2008, Plaintiff filed an inmate grievance against Defendant Daniels for intentionally falsifying

6   a disciplinary chrono.  (Id., ¶ 33.)  On June 24, 2008, Defendant Daniels filed another disciplinary

7   chrono under the direct order of Defendant Davis.  (Id., ¶ 34.)  This staff complaint was screened out

8   three times by Defendant Tarnoff.[2]  (Id., ¶ 36.)  Defendant Tarnoff continual screening out all three

9   of Plaintiff's staff complaints denied him access to the courts.  (Id., ¶¶ 48, 53.)

10       For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.

11  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

12  described by the Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff

13  with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the

14  standards and amend only those claims that he believes, in good faith, are cognizable.

15  **III.   Discussion**

16       **A.   Conspiracy**

17       A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting

18  of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001)

19  (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir.

20  1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d

21  1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121,

22  1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact

23  details of the plan, but each participant must at least share the common objective of the conspiracy.'"

24  Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

25       Although, for pleading purposes, the Court accepts as true the allegations in the complaint,

26  the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .

27

28       [2]Plaintiff's complaint references Exhibit V and Appendix A which appear to be missing from his complaint.
    However the Court notes that many of the exhibits provided were duplicates of the same documents.

1 . . ." Twombly, 127 S. Ct. at 1965 (citations omitted).  A plaintiff must set forth "the grounds of his

2 entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation

3 of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted).

4 Plaintiff has not alleged any facts supporting the existence of a conspiracy between

5 Defendants.  Further, Plaintiff has not alleged facts demonstrating that Defendants violated his

6 constitutional rights.  In order to state a cognizable claim for relief for conspiracy, Plaintiff must

7 establish that Defendants conspired to violate an underlying constitutional right.

8 **B.   Retaliation**

9 A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation

10 under section 1983.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); accord Brodheim v. Cry,

11 584 F.3d 1262, 1269 (9th Cir. 2009).  A viable claim of retaliation in violation of the First

12 Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action

13 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

14 the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance

15 a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

16 A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against

17 for exercising his constitutional rights and that the retaliatory action does not advance legitimate

18 penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d

19 813, 816 (9th Cir. 1994).  The plaintiff does not need to show actual inhibited or suppressed speech,

20 but that there was a chilling effect upon his speech.  Rhodes, 408 F.3d at 569.  The burden is on the

21 plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct.

22 Pratt, 65 F.3d at 807.  An allegation of retaliation against a prisoner's First Amendment right to file

23 a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283,

24 1288 (9th Cir. 2003).

25 **1.   Defendant Herrera**

26 Plaintiff's allegations fail to state a plausible claim that the rule violation report was filed in

27 retaliation for Plaintiff filing an inmate appeal.  Iqbal, 129 S. Ct. at 1949-50.  Plaintiff engaged in

28 a verbal altercation with his supervisor, Defendant Herrera, after he was told to put on a hairnet and

report to work.  Plaintiff alleges that the rule violation report was in retaliation for his filing a grievance. However, Plaintiff submits affidavits of two other inmates stating that when Plaintiff was told to put on a hairnet he did not refuse, but told his supervisor to make sure that all staff needed to put on hair nets.  Defendant Herrera became angry and sent Plaintiff back to his cell for making the statement.

Nothing in the facts indicates that Defendant Herrera was aware that Plaintiff had filed a grievance and Plaintiff's witnesses support the fact that Plaintiff did not put on a hairnet and argued with his supervisor.  Additionally, a review of the rule violation report shows that it was signed by Defendant Davis on February 26, 2008, the same day that the appeal was received.  Compl. at pp. 18, 151.  While Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, <u>Iqbal</u>, 129 S. Ct. at 1949-50, and the Court is "not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff has failed to state a cognizable claim for retaliation against Defendant Herrera.

### 2.    **Defendant Davis**

Plaintiff's allegation that Defendant Davis filed a rule violation report when Plaintiff went to the library rather than reporting to work in retaliation for Plaintiff filing a grievance against Defendant Herrera fails to state a cognizable claim.  While Plaintiff added Defendant Davis to the inmate appeal after this incident, there is nothing alleged to show that Defendant Davis was aware that Plaintiff filed an appeal against Defendant Herrera or that Defendant Davis was named the appeal until after he filed the rule violation for this incident.

### 3.    **Defendant Daniels**

Plaintiff's allegations that Defendant Daniels, the office assistant, completed paperwork at the request of Defendant Daniels fails to state a cognizable claim.  The fact that Defendant Daniels processed a disciplinary chrono at the request of Defendant Davis on the day that Plaintiff failed to report to his work assignment does not show that Defendants conspired against Plaintiff in retaliation for his filing grievances.  While Plaintiff disagreed with the chrono the substance of it was true, by his own admission he did not report for work.  Plaintiff's conclusory allegations that Defendant

1  Daniels filed false disciplinary chronos does not present factual allegations sufficient to state a

2  plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50.

3  **C.    Access to Court**

4       Plaintiff alleges that Defendant Tarnoff denied him access to the courts by maliciously

5  screening out his appeals.  Inmates have a fundamental constitutional right of access to the courts.

6  Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010).

7  The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited

8  to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  To

9  bring a claim, the plaintiff must have suffered an actual injury by being shut out of court.

10 Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

11      Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff

12 to respond to his appeals or based on the rejection of his appeals by staff.  Plaintiff does not have a

13 constitutionally protected right to have his appeals accepted or processed, Ramirez v. Galaza, 334

14 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and because

15 Plaintiff has not alleged any facts demonstrating that he suffered an actual injury to qualifying

16 litigation, his claim fails as a matter of law.  Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351.

17 **IV.    Conclusion and Order**

18      For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

19 a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within

20 thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

21 nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

22 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

23      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

24 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

25 Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

26 duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

27 caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

28 accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

1  speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

2    Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

3  114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must

4  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

5  causes of action alleged in an original complaint which are not alleged in an amended complaint are

6  waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th

7  Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

8    Based on the foregoing, it is HEREBY ORDERED that:

9    1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

10    2. Plaintiff's complaint, filed March 17, 2010, is dismissed for failure to state a claim

11     upon which relief may be granted under section 1983;

12    3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

13     amended complaint; and

14    4. If Plaintiff fails to file an amended complaint in compliance with this order, this

15     action will be dismissed, with prejudice, for failure to state a claim.

16    IT IS SO ORDERED.

17

18  Dated:  February 28, 2011

           UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28