# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA, | CASE NO. 1:10-cv-00483-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| A. HERRERA, et al., | |
| Defendants. | Docs. 13, 14 |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History, Screening Requirement, and Standard**

On March 17, 2010, Plaintiff Alvaro Quezada ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants conspired and retaliated against Plaintiff for complaining and criticizing the double standard that inmates have to wear hairnets but Sacramento personnel inspectors do not. Doc. 1. On March 1, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 8. On July 1, 2011, Plaintiff filed a first amended complaint. Doc. 13. Plaintiff also submitted various exhibits with his amended complaint. Ex. Am. Compl., Doc. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's First Amended Complaint

In Plaintiff's first amended complaint, he names Defendants A. Herrera, Supervising Correctional Cook; M.C. Davis, Correctional Sergeant; P. Daniels, Office Assistant for Main Kitchen; and D. Tarnoff, Appeals Coordinator, who were all employed by Kern Valley State Prison ("KVSP"). Am. Compl. at 1, 3-4, Doc. 13. Plaintiff was punished and retaliated against for engaging in his right to complain about issues of health and safety. *Id.* at 5. On February 21, 2008, Defendant Herrera demanded that Plaintiff put on a hairnet before work in the kitchen. *Id.* at 5-6. Plaintiff voiced "health concerns" regarding unidentified Sacramento personnel inspectors who were not wearing hairnets. *Id.* at 5. Plaintiff was penalized by being sent back to his housing unit and not allowed to report for work that day in retaliation for complaining and criticizing the double standard that inmates have to wear hairnets but Sacramento personnel inspectors do not. *Id.* at 6. Plaintiff verbally warned Defendant Herrera that he was going to write him up for these retaliatory acts. *Id.* On the same date, February 21, 2008, Defendant Herrera filed a rule violation report ("RVR"), charging Plaintiff with refusing to wear a hairnet. Ex. Am. Compl. at 9, Doc. 14. In Plaintiff's response to the RVR, he stated that he should not have been required to wear a hairnet. *Id.* at 5.

On February 25, 2008, Plaintiff filed a 602 inmate appeal against Defendant Herrera. *Id.* at 9. In Plaintiff's inmate appeal, he wrote that if Defendant Herrera was "so adamant about enforcing the hairnet rule, then he should have all free staff / unidentified personnel . . . [also] wear a hairnet." *Id.*

Defendants Herrera and Davis had a "meeting of the minds" to file a false retaliatory RVR. Am. Compl. at 7, Doc. 13. Plaintiff filed numerous complaints against the Appeals Coordinator, as Plaintiff is repeatedly engaged in "activism" through "verbal communication" with KVSP Food Service Managers. *Id.* Defendant Herrera's purpose in removing Plaintiff from the kitchen was to prevent Plaintiff from addressing the unidentified Sacramento inspectors about "health and safety concerns." *Id.* Plaintiff filed a separate civil action in Federal Court against the Appeals Coordinator regarding retaliation against inmates that have a reputation for complaining. *Id.*

On March 22, 2008, Plaintiff was found guilty of the RVR for refusing to wear a hairnet. *Id.* On March 24, 2008, Plaintiff filed a staff complaint, alleging misconduct by Defendant Herrera for

filing the false RVR. *Id.* at 9. The appeal was maliciously screened out as duplicative. *Id.* Defendant Herrera retaliated against Plaintiff's First Amendment right to complain and criticize. *Id.* Defendant Davis conspired with Defendant Herrera to fabricate a false RVR. *Id.* at 11.

On May 13, 2008, the librarian paged Plaintiff to the library, in order to complete a motion his Ninth Circuit appeal. Am. Compl. at 13, Doc. 13; Ex. Am. Compl. at 71, Doc. 14. On May 22, 2008, Defendant Davis imposed a disciplinary RVR in retaliation for Plaintiff being at the library. Am. Compl. at 13. Defendant Davis had a meeting of the minds with Plaintiff's supervisor, Defendant Daniels. *Id.* at 11. Defendant Davis ordered Defendant Daniels to file a disciplinary report stating that Plaintiff went to the law library instead of going to work. *Id.* at 12. Defendant Davis's actions only furthered the conspiracy with Defendant Herrera. *Id.*

On May 29, 2008, June 16, 2008, Defendant Tarnoff screened out Plaintiff's appeals as duplicative. Ex. Am. Compl. at 28, 31, Doc. 14. On June 2, 2008, Plaintiff immediately filed a staff complaint against Defendant Davis for maliciously participating in a conspiracy to fabricate a false RVR with Defendant Herrera on February 27, 2008 and May 22, 2008. Am. Compl. at 13, Doc. 13.

The Appeals Coordinator furthered the conspiracy Defendant Herrera initiated on February 27, 2008. *Id.* On June 10, 2008, Plaintiff was found not guilty of the RVR for missing work to report to the library. *Id.* at 15. Plaintiff alleges that the dismissed disciplinary actions are still in Plaintiff's Central File. *Id.* Defendant Tarnoff, the Appeals Coordinator, had a meeting of the minds to further a retaliatory conspiracy to screen-out his staff complaints. *Id.* at 22. Defendant Tarnoff took a personal vendetta against Plaintiff for his history of complaining and their illegal acts of manipulating the appeals process. *Id.* at 23. Plaintiff filed approximately ten constructive notices to report Defendant Tarnoff, and this created a vindictive resentment towards Plaintiff. *Id.* Plaintiff was maliciously punished for exercising a protected activity to complain. *Id.* at 24. Defendant Tarnoff maliciously participated in a conspiracy of retaliation by punishing Plaintiff for reporting her and for filing staff complaints against her personal friends, the Defendants. *Id.*

For relief, Plaintiff seeks compensatory damages of $100,000 per defendant; punitive damages of $100,000 per defendant; and declaratory relief. *Id.* at 4.

//

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. First Amendment Retaliation

#### 1. Legal Standard

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

//

//

## 2. Analysis

Plaintiff alleges Defendant Herrera retaliated against him for complaining and criticizing the double standard that inmates have to wear hairnets but Sacramento personnel inspectors do not. Am. Compl. at 6, Doc. 13. Plaintiff's allegations do not support that he was engaged in conduct protected by the First Amendment in a prison setting. *See Ruiz v. California Dept. of Corrections*, 2008 WL 1827637 at *1, *3 (C.D. Cal. April 22, 2008) (prisoner's comments expressing dissatisfaction with his prison supervisor's management skills was not a matter of public concern protected by the Free Speech Clause); *Whitfield v. Snyder*, 2008 WL 397457 at *3 (7th Cir. Feb.14, 2008) (prisoner's complaint about prison job involved matters of personal, rather than public, concern and did not qualify as protected speech); *Hurd v. Scribner*, 2007 WL 1989688 at *11 (S.D. Cal. May 2, 2007) ("a prison regulation prohibiting the use of disrespectful language does not violate First-Amendment rights and prisoners can be disciplined for violation such a prohibition," *citing Bradley v. Hall*, 64 F.3d 1276, 1280 (9th Cir.1995)). *Thomas v. MCSO*, 2009 WL 1311992 (D. Ariz. May 12, 2009) (calling a detention officer a derogatory name is not a matter of public concern that is protected by the First Amendment).

Moreover, Plaintiff was required to follow Defendant Herrera's order to wear a hairnet, without question. "Orders given must be obeyed. Inmates cannot be permitted to decide which orders they will obey, and when they will obey them . . . Inmates are and must be required to obey orders. When an inmate refuse[s] to obey a proper order, he is attempting to assert his authority over a portion of the institution and its officials. Such refusal and denial of authority places the staff and other inmates in danger." *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). *See also Gossett v. Stewart*, 2012 WL 845588 at *10 (D. Ariz. March 13, 2012) (inmate must obey order for temporary housing placement while prison officials verified his claims).

Because Plaintiff fails to allege facts to support that Defendant Herrera retaliated against him for exercising a constitutionally protected right, Plaintiff fails to state a claim for retaliation.

As for Defendants Davis, Daniels, and Tarnoff, they are not linked to any actions or omissions relating to the issuance of the RVR, and although Plaintiff alleges that they conspired with Defendant Herrera, the allegation is conclusory and there are no specific facts supporting the

existence of a conspiracy. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001).

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon First Amendment retaliation.

**B. Conspiracy**

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.*

As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

**C. Inmate Appeals Process**

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982));

*see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley*, 997 F.2d at 495.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### D. False Reports

To the extent that Plaintiff attempts to allege a liberty interest regarding the submission of false reports against him, he fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon false reports.

### E. Expungement of Records from Plaintiff's Central File

The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318-19 (9th Cir. 1987); *see Johnson v. Rodriguez*, 110 F.3d 299, 308-09 & n.13 (5th Cir. 1997). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff was found not guilty of the RVR for missing work to report to the library. Am. Compl. at 15, Doc. 13. Plaintiff alleges that the dismissed

disciplinary action is still in his Central File. *Id.* However, there is no due process right to expunge records from a prison central file.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon expungement of records from his central file.

## IV. Conclusion and Recommendation

Plaintiff's first amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in the claims and granted leave to amend but was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the undersigned recommends that further leave to amend is not warranted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action should be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983; and

2. The Clerk of the Court should be directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  March 29, 2012

UNITED STATES MAGISTRATE JUDGE